<hr />

### JOHN MEGGET *v.* GEORGE LYNCH.

*Matters available in the defence of a suit will not authorize an injunction.*

APPEAL from the Fifth District Court of New Orleans, *Buchanan, J. Wolfe & Singleton* and *James W. Duncan*, for plaintiff and appellant. *Roselius* and *Bright*, for defendant.

EUSTIS, C. J. This appeal is taken by the plaintiff from a judgment of the Court of the Fifth District of New Orleans, dissolving an injunction which had been obtained at his instance.

This injunction was against any further proceedings under a writ of *fieri facias* which had been issued on a certain judgment which had been rendered in favor of the defendant against the plaintiff.

The injunction was dissolved on motion of the defendant's counsel, and damages of ten per cent. were awarded against the plaintiff and his surety, on the injunction bond.

The *fieri facias*, the proceedings under which were enjoined, was issued on a judgment obtained by the present defendant on a promissory note made as far back as 1845. The judgment was rendered on the 21st of February, 1851, the

<div style="float:right">Meggett<br>v.<br>Lynch.</div>

suit having been put at issue in 1848, the year in which it was instituted. The defence was the want of consideration of the note, and a legal discharge of the indebtedness.

The matters charged in the petition as grounds for the injunction, took place in 1845, and were available to the plaintiff in the defence of that suit, if at all available. It is clear that on this ground alone, under the well settled jurisprudence of this Court, no injunction ought to have been granted to relieve the plaintiff, and the District Court did not err in dissolving it. Hennen's Digest verbo *injunction*, II., 6, 45, 50, 64. The facts alleged by the plaintiff are certain judicial proceedings in execution of *Lynch* against certain slaves mortgaged to secure the note on which the judgment complained of was rendered, by which proceedings the plaintiff urges that his rights as a surety on the slaves have been impaired. These proceedings having been public and matters of record, and concerning property which the plaintiff had an interest in making available for the security of his responsibility on the note, his allegation of want of knowledge, &c., is not to be heeded on an application of this kind.

For the reason of the amount called for by the execution, and the costs having been deposited in the hands of the Sheriff by the plaintiff, and the agreement respecting the same, we do not feel ourselves at liberty to amerce the party in a larger sum than that fixed by the judgment of the District Court.

The judgment of the District Court is therefore affirmed with costs.